**Rigoberto GONZALEZ et al., Plaintiffs-Appellants,**

v.

**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL NO. 1581, AFL–CIO, Defendant-Appellee.**

No. 74–1658

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

———◆———

Kenneth L. Tilley, Houston, Tex., for plaintiff-appellant.

Gerald J. Goodwin, Houston, Tex., for defendant-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Displeased because their seniority rights were allegedly adversely affected by a majority vote of the union membership, plaintiffs brought suit under section 301(a) of the National Labor Relations Act, 29 U.S.C.A. § 185(a), for violation of the Union's duty of fair representation. The district court dismissed the complaint for want of jurisdiction. We affirm.

The Union served as a daily hiring hall for the Port of Houston. While the latter looked to the Union as a source of labor, there was no collective bargaining agreement between the Union and the Port.[1]

As a result of a seniority plan adopted by a majority of the Union in 1972, those who had worked predominately in the Compress Department found themselves with less seniority than those who had worked mainly in the Dock Department and thus had decreased opportunities to obtain dock work. The plaintiffs' suit followed.

We think it is clear that there must be a collective bargaining agreement and a breach of that agreement to confer jurisdiction on a federal district court under Section 301 of the Act.[2] *See* Rae v. United Parcel Service of Pa., E.D.Pa. 1973, 356 F.Supp. 465, 468; Genesco, Inc. v. Joint Council 13, United Shoe Workers of America, S.D.N.Y.1964, 230 F.Supp. 923, 928–29, aff'd, 2 Cir. 1965, 341 F.2d 482. Fatal to the jurisdiction of the court below was the showing that there was no bargaining agreement between the Port and the Union.[3]

Affirmed.

1. Any such agreement would have been void as against the statutory policy of the State of Texas. Vernon's Ann.Civ.St. art. 5154c, § 1.

2. Section 301(a) of the Act provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

3. Whether there was an "under the table" bargaining agreement between the Port and the Union as suggested by the plaintiffs does not merit discussion.